IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITY STATE BANK, )
 )
          Plaintiff, )
 )
v. ) Case No. 10-2317-JWL
 )
RITCHIE RISK-LINKED, LLC and )
RITCHIE RLSF, INC., )
 )
          Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

Defendants Ritchie Risk-Linked, LLC and Ritchie RLSF, Inc. (collectively "Ritchie") borrowed money from non-party Aleritas Capital Corporation ("Aleritas"), and Aleritas sold participation interests, comprising 100 percent of the loan, to several purchasers, including plaintiff Security State Bank ("the Bank"). On May 3, 2010, Ritchie sued Aleritas in Illinois state court seeking a declaration that the loan is unenforceable because of Aleritas's fraud. On June 4, 2010, the Bank filed this diversity action. The Bank alleges that it assumed administration of the loan pursuant to its participation agreement with Aleritas after Aleritas breached that agreement and became insolvent. The Bank asserts state-law claims for breach of contract against Ritchie, based on Ritchie's initiation of the Illinois suit. The Bank also seeks a declaration concerning the enforceability of the loan by the participation purchasers.

The matter is presently before the Court on Ritchie's motion to dismiss the

complaint (Doc. # 8). For the reasons set forth below, the motion is **granted in part and denied in part**. The Court agrees that the Bank has failed to allege sufficient facts to support a plausible theory allowing it to bring these claims against Ritchie, and the motion to dismiss is granted to that extent. The Bank is granted leave, however, to file an amended complaint, on or before **October 20, 2010**, to attempt to cure the pleading deficiencies noted herein. The Court denies the motion with respect to Ritchie's request for dismissal for failure to join Aleritas as a required party, and with respect to Ritchie's request for dismissal or stay of the declaratory judgment count in light of the pending Illinois case.

### I. Security's Right to Sue Ritchie for Breach of the Loan Agreement

#### A. *Governing Pleading Standards*

Ritchie seeks dismissal of the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in

the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

   *B.   Analysis*

Ritchie seeks dismissal of the Bank's claims for breach of contract on the ground that, because the Bank was not a party to its loan agreement with Aleritas, the Bank has no right to sue for its breach. In the complaint, the Bank alleged that it replaced Aleritas as administrator of the loan, and that it therefore may enforce the loan agreement by suing Ritchie for its breach.[1] The Bank further alleged that it became administrator after two qualifying events (Aleritas's insolvency and its failure to remit payments to the participation purchasers), in accordance with a provision in the Bank's participation agreement.[2]

---

[1] The Court summarily rejects Ritchie's argument that the fact that Bank became administrator of the loan agreement (as alleged by the Bank) does not mean that the Bank gained any rights with respect to the *addendum* to the loan agreement, which contains the term that Ritchie allegedly breached. The addendum, by its terms, was a part of the loan agreement.

[2] The Bank appears to assume that "administration" of the loan necessarily includes the right to bring suit for breach. Ritchie argues that the terms of the
(continued...)

3

Ritchie argues that the Bank's claim that it assumed the right to sue Ritchie for breach after the qualifying events is not plausible in light of an assignment executed by the Bank and Aleritas on September 11, 2008 (after the alleged occurrence of the qualifying events in August 2008). In that assignment, Aleritas expressed its desire for the Bank to "assume and fulfill the payment processing loan administration duties set forth in each Participation Agreement," and the Bank agreed "to perform the payment processing duties of Aleritas set forth in each Participation Agreement." The assignment further stated that "[p]ayment processing duties shall be limited to" calculating an interest rate, notifying the borrower of rate changes, receiving and applying payments from the borrower, remitting amounts to participation purchasers, notifying Aleritas of a borrower payment default, providing monthly payments and statements, and notifying the borrower that the Bank "has agreed to process Borrower payments." Finally, the assignment provided that the Bank "shall have no duties pursuant to this Agreement or the Participation Agreement unless specifically assumed by [the] Bank pursuant to this Agreement, and Aleritas expressly agreed "to continue to perform all duties in each

---

²(...continued)
participation agreement did not allow the Bank to assume the right to sue Ritchie for breach upon the occurrence of a qualifying event. Ritchie made this argument for the first time in its reply brief, however, and the Court therefore will not consider it. *See Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003). Nor will the Court consider Ritchie's argument, asserted for the first time in the reply brief, that the Bank failed to allege facts to show that two purchasers of larger participation shares declined to assume the administration of the loan before the Bank did so, as required in the participation agreement. The Bank is granted leave, however, to address these issues as it sees fit in any amended complaint.

Participation Agreement not expressly assumed by [the] Bank" in the assignment.[3]

In its complaint, the Bank alleged that, as part of Aleritas's concluding its operations shortly after the occurrence of the qualifying events, Aleritas "assigned the servicing duties" for Ritchie's loan to the Bank pursuant to the assignment agreement, and that the Bank "also assumed the rest of the administrative duties" for the loan "pursuant to its rights under its participation agreement." In response to Ritchie's argument concerning the assignment, the Bank responds only that it did not allege that it assumed complete administration of the loan prior to the assignment (which would have left Aleritas no duties to assign). The Bank does not reconcile, however, its alleged assumption of the entire administration of the loan with its express promise—made after the occurrence of the qualifying events, which allegedly gave the Bank the right to assume administration of the loan—that Aleritas would retain all duties other than the limited duties expressly transferred to the Bank in the assignment agreement.

There may certainly be some theory by which the Bank was not bound by its agreement that Aleritas retained the right (along with all other rights and duties not expressly transferred to the Bank in the assignment) to sue borrowers for breach of their loan agreements. In the absence of any such theory and supporting facts, however, the complaint does not state a plausible claim that the right to sue Ritchie was transferred

---

[3]The Bank attached a copy of the assignment to its complaint. In deciding a motion on the pleadings, the Court may refer to an indisputably authentic copy of a document that is cited in the complaint and central to the claims in the case. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002).

from Aleritas to the Bank. Accordingly, the Bank has not stated a plausible cause of action against Ritchie directly for breach of the loan agreement.

The Bank also argues that it may bring claims against Ritchie for breach of the loan agreement with Aleritas as a third-party beneficiary of that agreement. The complaint does not include any such claim, however. Therefore, the Court rejects the Bank's argument based on this theory, and the Bank's claims for breach of contract are subject to dismissal for failure to state a claim.[4]

Ritchie further argues that the Bank's inability to enforce the loan agreement also dooms the declaratory judgment claim, which should also be dismissed on this ground. The Bank does not refute this argument except to the extent that it contends that it properly stated a claim for breach of contract. Therefore, the Court agrees that the declaratory judgment count is also subject to dismissal.

Nevertheless, it is not clear that the Bank could not plead a plausible claim against Ritchie. Accordingly, the Court grants the Bank leave to file an amended complaint by which it may attempt to cure the pleading deficiencies noted in this opinion (as well as any other deficiencies argued by Ritchie). The Bank shall file any such amended complaint on or before October 20, 2010. If the Bank fails to file an amended complaint,

---

[4] In the complaint, the Bank quoted a provision of the loan agreement by which Ritchie agreed that a participation purchaser could enforce Ritchie's obligations under the loan. Because the Bank did not rely on that provision in its opposition to Ritchie's motion, however, the Court does not address it. If the Bank intends to rely on that provision as a basis for its ability to sue Ritchie for breach, it should properly plead such a theory in any amended complaint.

6

this action shall be dismissed.[5]

## II.     **Dismissal for Failure to Join a Required Party**

Ritchie also seeks dismissal of the Bank's declaratory judgment count pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join Aleritas as a required party under Rule 19. Rule 19, however, provides that a necessary party should be joined to the action, and it does not contemplate dismissal unless joinder is not feasible. *See* Fed. R. Civ. P. 19. Ritchie has not shown that joinder of Aleritas is not feasible; to the contrary, Ritchie states in its brief that joinder "seems feasible" and that Aleritas's "recent involvement in litigation in this district strongly suggests that it is still fully capable of handling its legal affairs." Accordingly, there is no basis for dismissal pursuant to Rule 12(b)(7), and Ritchie's motion to dismiss the declaratory judgment count on that basis is denied.

Moreover, even if the Court were to treat Ritchie's motion to dismiss as a motion for joinder of Aleritas as a required party under Rule 19, it would deny the motion. Ritchie essentially argues that Aleritas must be a required party simply because it was a party to the loan agreement that is at issue in the suit. Ritchie has not shown that Rule 19's standard is met here, however, or cited any authority that would support requiring

---

[5]Ritchie argues that an amendment to plead a third-party beneficiary theory would be futile because the Bank cannot state such a claim under Kansas law. The Court declines to consider this argument, however, until it may consider any such claim as actually pleaded. Moreover, although the loan agreement contained a Kansas choice-of-law provision, the parties have not addressed whether Kansas law would in fact govern the assertion of third-party beneficiary status.

7

joinder in these circumstances.[6] Ritchie refers to that standard in suggesting that "it is difficult to conceive how complete relief can be accorded" under the declaratory judgment count without Aleritas, but Ritchie does not bother to explain why, in fact, the enforceability of the loan could not be determined in Aleritas's absence. Ritchie notes that the conduct of Aleritas—in allegedly breaching the participation agreement and in allegedly committing fraud in inducing the loan—is at issue in the case, but the fact that evidence may relate to a non-party's conduct does not distinguish this case from any other civil action. Moreover, the Bank will have every incentive to assert any position favorable to Aleritas with respect to the enforceability of the loan. As the Bank notes, it is not unusual for a party to a contract to transfer its interest in that contract to another, and the presence of that party is certainly not required in all future litigation concerning that contract. Ritchie has provided no authority suggesting that all parties to the transaction at issue must be joined even without considering whether Rule 19's standard has been satisfied.

Aleritas might have a basis for seeking to intervene if it chooses to dispute the transfer of loan duties to the Bank. Regardless of that possibility, assuming that the Bank is able to assert a plausible claim that it is entitled to enforce the loan agreement

---

[6]Under Rule 19, joinder of a person is required if (A) "in that person's absence, the court cannot accord complete relief among existing parties;" or (B) "the person claims an interest relating to the subject of the action," and acting without him may impair his ability to protect the interest or leave an existing party subject to a risk or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(A), (B). Ritchie has referred only to the first prong (A) of this standard in making its argument.

8

(by amended complaint), Ritchie has not shown that complete relief could still not be accorded under the declaratory judgment count without the joinder of Aleritas.

### III. <u>Discretionary Dismissal or Stay of Declaratory Judgment Count</u>

Finally, Ritchie requests that the Court exercise its discretion to refuse to hear the Bank's declaratory judgment claim, either by dismissing it or staying it, in light of the pending Illinois state-court action filed by Ritchie against Aleritas. A district court has "'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist." *United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)). The Supreme Court has set forth a few factors to be considered by a court in making that determination:

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *accord City of Las Cruces*, 289 F.3d at 1186-87 (listing *Brillhart* factors). The Tenth Circuit has adopted a list of five factors (the *Mhoon* factors) to be evaluated:

9

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*City of Las Cruces*, 289 F.3d at 1187 (brackets in original) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

In asking the Court to decline to exercise jurisdiction over the declaratory judgment count, Ritchie argues that that claim depends on the outcome of the Illinois state-court suit because Ritchie is seeking rescission of the loan agreement (because of fraud by Aleritas) in that suit. The Court declines in its discretion to dismiss or stay the declaratory judgment count for that reason, however, as Ritchie can assert its fraud defense in the present action. In terms of the *Mhoon* factors, the Court thus concludes that the requested declaration would settle the controversy between the Bank and Ritchie, and it would serve a useful purpose in clarifying the legal relations between those parties with respect to the loan in light of Ritchie's fraud allegation.

Ritchie argues that it filed its state-court action first and that the Bank's initiation of the present federal action demonstrates that it is simply engaging in "procedural fencing" in order to race to a judgment. That argument does not hold water, however, in light of Ritchie's failure to include the Bank or any other participation purchaser in that suit as a party—despite the obvious interest of such parties in the enforceability of

10

the loan.  The Court is unwilling to assign improper motives to the Bank's attempt to be heard on the issue by filing its own action.  (According to the Bank, it has also moved to intervene in the Illinois suit, but the parties have not indicated that that motion has been resolved.)  Ritchie has therefore failed to show that this controversy is better resolved in the state-court action.  Accordingly, the Court concludes that the *Brillhart* and *Mhoon* factors do not weigh in favor of dismissing or staying the Bank's declaratory judgment count, and it denies Ritchie's request in its discretion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 8) is **granted in part and denied in part**, as set forth herein.  Plaintiff is granted leave to file an amended complaint, on or before **October 20, 2010**, to attempt to cure the pleading deficiencies noted herein.  If plaintiff fails to file an amended complaint by that date, this action shall be dismissed.

IT IS SO ORDERED.

Dated this 6th day of October, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
